IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTOPHER HUTT** | : | |
| 730 Hamel Avenue | : | |
| Glenside, Pennsylvania 19038 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **TANK MOBILE KIOSKS, LTD** | : | |
| 15th Floor, King Plaza | : | |
| 52A Sha Tsui Road, Tsuen Wan | : | |
| Hong Kong, China | : | Case No.: _____ |
| | : | |
| Serve: 15th Floor, King Plaza | : | |
| 52A Sha Tsui Road, Tsuen Wan | : | |
| Hong Kong, China | : | |
| | : | |
| and | : | |
| | : | |
| **UNITED FOODSERVICE GROUP, LTD** | : | |
| 15th Floor, King Plaza | : | |
| 52A Sha Tsui Road, Tsuen Wan | : | |
| Hong Kong, China | : | |
| | : | |
| Serve: 15th Floor, King Plaza | : | |
| 52A Sha Tsui Road, Tsuen Wan | : | |
| Hong Kong, China | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

The Plaintiff, Christopher Hutt, by and through counsel, hereby files this Complaint against Defendant Tank Mobile Kiosks, Ltd. ("Tank Mobile"), and Defendant United Foodservice Group, Ltd. ("United Foodservice"), and states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, Christopher Hutt, is a citizen and resident of the State of Pennsylvania.

2. Defendant Tank Mobile is a non-resident Chinese corporation, owned and operated by Australian management, with its principal place of business in Hong Kong, China. Defendant Tank Mobile is engaged in and doing business in the District of Columbia.

3. Defendant United Foodservice is a non-resident Chinese corporation, owned and operated by Australian management, with its principal place of business in Hong Kong, China. Defendant United Foodservice is engaged in and doing business in the District of Columbia.

4. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Personal jurisdiction is proper with respect to each defendant pursuant to D.C. Code § 13-423 and each defendant has the requisite minimum contacts with the District of Columbia.

5. Venue is proper in this court pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

6. In 2006, Plaintiff Christopher Hutt was a National Sales Manager for 21st Century Products ("21st Century"), the exclusive distributor in North America for Mobile Vending Units, Pty., Ltd. ("MVU").

7. In 2009, Defendant United Foodservice purchased all of MVU's rights for the then-existing mobile vending unit products line, including the rights applicable to the Gullwing US mobile vending unit.

8. At all times relevant hereto, Defendant United Foodservice, through its agents and/or employees, designed, fabricated, assembled, manufactured, supplied, and/or sold the Gullwing US mobile vending unit, and all components thereto.

9. At all times relevant hereto, Defendant Tank Mobile, through its agents and/or employees, undertook to design, fabricate, assemble, manufacture, supply, and/or sell the Gullwing US mobile vending unit, and all components thereto.

10. At all times relevant hereto, 21st Century distributed, installed and/or serviced the Gullwing US mobile vending units.

11. On June 30, 2011, the Plaintiff, in the course of his employment with 21st Century, was utilizing a Gullwing US mobile vending unit (hereinafter "subject mobile vending unit" and/or "subject Gullwing mobile vending unit"), at the American Indian Museum Smithsonian in Washington, DC. The subject mobile vending unit was designed, fabricated, assembled, manufactured, supplied, and/or sold by Defendant United Foodservice and/or Defendant Tank Mobile.

12. While utilizing the subject mobile vending unit, Plaintiff was caused to sustain serious and permanent injuries, including a deep and severe laceration to his hand from sharp surfaces on the unit.

13. At all times relevant hereto, the subject Gullwing mobile vending unit was defective and/or unreasonably dangerous for the use intended due to extremely sharp edges and inadequate warnings of injury hazards.

14. At the time of the injury, Plaintiff was utilizing the subject Gullwing US mobile vending unit in a reasonably foreseeable manner.

## **COUNT I—NEGLIGENCE (Defendant United Foodservice)**

15. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 14 above.

16. At all times relevant hereto, Defendant United Foodservice owed a duty of reasonable care to foreseeable installers, servicers, and/or users of the subject Gullwing mobile vending unit, including the Plaintiff, to exercise reasonable care in designing, manufacturing, fabricating, assembling, supplying, and/or selling of the Gullwing mobile vending units.

17. At all times relevant hereto, Defendant United Foodservice owed a duty of reasonable care to foreseeable installers, servicers, and/or users of the subject Gullwing mobile vending unit, including the Plaintiff, to warn of known or foreseeable dangers resulting from the reasonable and foreseeable use of Gullwing mobile vending units.

18. Defendant United Foodservice was negligent and breached its aforementioned duty of care by, *inter alia*, its failure to design, fabricate, assemble, manufacture, supply, and/or sell the subject Gullwing mobile vending unit in a reasonably safe condition for foreseeable uses of intended users; its failure to warn of unreasonably dangerous conditions of the subject Gullwing mobile vending unit; its failure to reasonably inspect and/or test the subject Gullwing mobile vending unit for defective and dangerous conditions; its failure to take precautions against the creation of defective and/or dangerous conditions of the subject Gullwing mobile vending unit; and its failure to provide adequate training and/or technical supervision related to the subject Gullwing mobile vending unit.

19. Defendant United Foodservice is responsible for the aforesaid actions of its employees and/or agents under the doctrine of *respondeat superior*.

20. As a direct and proximate result of the aforesaid negligence of Defendant United Foodservice, the Plaintiff has suffered, and will suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

21. As a direct and proximate result of the aforesaid negligence of Defendant United Foodservice, the Plaintiff has incurred, and will incur, substantial medical and related expenses, transportation costs, loss of earnings, permanent impairment of his earning capacity, lost employment opportunity, loss of time and enjoyment from his customary leisure and recreational activities, and permanent impairment of his customary leisure and recreational activities.

### **COUNT II—BREACH OF WARRANTIES (Defendant United Foodservice)**

22. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 21 above.

23. Defendant United Foodservice explicitly and/or impliedly warranted to all foreseeable installers, servicers, and/or users, including the Plaintiff, that the subject Gullwing mobile vending unit was of merchantable quality and reasonably fit and safe for its intended and ordinary use, and for the general and particular purposes for which it was designed, fabricated, assembled, manufactured, supplied, and/or sold.

24. The Plaintiff relied on the aforementioned warranties when utilizing the subject Gullwing mobile vending unit at the time of the subject occurrence.

25. Defendant United Foodservice breached the aforementioned explicit and/or implied warranties in that the aforesaid Gullwing mobile vending unit was not of merchantable quality and reasonably fit and safe for its intended and ordinary use, and for the general and particular purposes for which it was designed, fabricated, assembled, manufactured, supplied, and/or sold.

26.	As a direct and proximate result of the breach of explicit and/or implied warranties by Defendant United Foodservice, as aforesaid, the Plaintiff suffered severe and permanent injuries, including a deep and severe laceration to his hand from the foreseeable and intended use of the subject Gullwing mobile vending unit.

27.	As a direct and proximate result of the breach of explicit and/or implied warranties by Defendant United Foodservice, the Plaintiff has suffered, and will suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

28.	As a direct and proximate result of the breach of explicit and/or implied warranties by Defendant United Foodservice, the Plaintiff has incurred, and will incur, substantial medical and related expenses, transportation costs, loss of earnings, permanent impairment of his earning capacity, lost employment opportunity, loss of time and enjoyment from his customary leisure and recreational activities, and permanent impairment of his customary leisure and recreational activities.

## COUNT III – STRICT PRODUCT LIABILITY (United Foodservice)

29.	The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 28 above.

30.	At all times relevant hereto, the subject Gullwing mobile vending unit, and all components thereto, was designed, manufactured, fabricated, assembled, supplied, and/or sold by Defendant United Foodservice.

31.	The subject Gullwing mobile vending unit, and all components thereto, as designed, manufactured, fabricated, assembled, supplied, and/or sold by Defendant United Foodservice, was in a defective condition and was unreasonably dangerous to foreseeable users, including the Plaintiff.

32. The subject Gullwing mobile vending unit was expected to, and did reach the users, including the Plaintiff, without substantial change in the condition in which it was designed, manufactured, fabricated, assembled, supplied, and/or sold by Defendant United Foodservice.

33. As a direct and proximate result of the defective and unreasonably dangerous condition of the aforesaid Gullwing mobile vending unit, the Plaintiff suffered serious and permanent personal injuries, including a deep laceration of his hand.

34. Defendant United Foodservice is strictly liable in tort for all damages proximately caused by the defective and unreasonably dangerous condition of the aforesaid Gullwing mobile vending unit.

### COUNT IV – PUNITIVE DAMAGES (United Foodservice)

35. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 34 above.

36. The aforesaid actions of Defendant United Foodservice were willful, wanton, and reckless, and were undertaken with a gross disregard for the health and safety of the Plaintiff, and were committed with a clear perceived threat of harm to the Plaintiff, and with a high probability of causing the harm to the Plaintiff.

37. Defendant, therefore, under the applicable District of Columbia laws, is liable for punitive damages.

### COUNT V—NEGLIGENCE (Defendant Tank Mobile)

38. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 above.

39. At all times relevant hereto, Defendant Tank Mobile owed a duty of reasonable care to foreseeable installers, servicers, and/or users of the subject Gullwing mobile vending unit, including the

Plaintiff, to exercise reasonable care in designing, manufacturing, fabricating, assembling, supplying, and/or selling of the Gullwing mobile vending units.

40. At all times relevant hereto, Defendant Tank Mobile owed a duty of reasonable care to foreseeable installers, servicers, and/or users of the subject Gullwing mobile vending unit, including the Plaintiff, to warn of known or foreseeable dangers resulting from the reasonable and foreseeable use of Gullwing mobile vending units.

41. Defendant Tank Mobile was negligent and breached its aforementioned duty of care by, *inter alia*, its failure to design, fabricate, assemble, manufacture, supply, and/or sell the subject Gullwing mobile vending unit in a reasonably safe condition for foreseeable uses of intended users; its failure to warn of unreasonably dangerous conditions of the subject Gullwing mobile vending unit; its failure to reasonably inspect and/or test the subject Gullwing mobile vending unit for defective and dangerous conditions; its failure to take precautions against the creation of defective and/or dangerous conditions of the subject Gullwing mobile vending unit; and its failure to provide adequate training and/or technical supervision related to the subject Gullwing mobile vending unit.

42. Defendant Tank Mobile is responsible for the aforesaid actions of its employees and/or agents under the doctrine of *respondeat superior*.

43. As a direct and proximate result of the aforesaid negligence of Defendant Tank Mobile, the Plaintiff has suffered, and will suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

44. As a direct and proximate result of the aforesaid negligence of Defendant Tank Mobile, the Plaintiff has incurred, and will incur, substantial medical and related expenses, transportation costs, loss of earnings, permanent impairment of his earning capacity, lost employment opportunity, loss of

time and enjoyment from his customary leisure and recreational activities, and permanent impairment of his customary leisure and recreational activities.

### **COUNT VI—BREACH OF WARRANTIES (Defendant Tank Mobile)**

45. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 44 above.

46. Defendant Tank Mobile explicitly and/or impliedly warranted to all foreseeable installers, servicers, and/or users, including the Plaintiff, that the subject Gullwing mobile vending unit was of merchantable quality and reasonably fit and safe for its intended and ordinary use, and for the general and particular purposes for which it was designed, fabricated, assembled, manufactured, supplied, and/or sold.

47. The Plaintiff relied on the aforementioned warranties when utilizing the subject Gullwing mobile vending unit at the time of the subject occurrence.

48. Defendant Tank Mobile breached the aforementioned explicit and/or implied warranties in that the aforesaid Gullwing mobile vending unit was not of merchantable quality and reasonably fit and safe for its intended and ordinary use, and for the general and particular purposes for which it was designed, fabricated, assembled, manufactured, supplied, and/or sold.

49. As a direct and proximate result of the breach of explicit and/or implied warranties by Defendant Tank Mobile, as aforesaid, the Plaintiff suffered severe and permanent injuries, including a deep and severe laceration to his hand from the foreseeable and intended use of the subject Gullwing mobile vending unit.

50. As a direct and proximate result of the breach of explicit and/or implied warranties by Defendant Tank Mobile, the Plaintiff has suffered, and will suffer, severe and permanent physical

injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

51.     As a direct and proximate result of the breach of explicit and/or implied warranties by Defendant Tank Mobile, the Plaintiff has incurred, and will incur, substantial medical and related expenses, transportation costs, loss of earnings, permanent impairment of his earning capacity, lost employment opportunity, loss of time and enjoyment from his customary leisure and recreational activities, and permanent impairment of his customary leisure and recreational activities.

### COUNT VII – STRICT PRODUCT LIABILITY (Tank Mobile)

52.    The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 51 above.

53.    At all times relevant hereto, the subject Gullwing mobile vending unit, and all components thereto, was designed, manufactured, fabricated, assembled, supplied, and/or sold by Defendant Tank Mobile.

54.    The subject Gullwing mobile vending unit, and all components thereto, as designed, manufactured, fabricated, assembled, supplied, and/or sold by Defendant Tank Mobile, was in a defective condition and was unreasonably dangerous to foreseeable users, including the Plaintiff.

55.    The subject Gullwing mobile vending unit was expected to, and did reach the users, including the Plaintiff, without substantial change in the condition in which it was designed, manufactured, fabricated, assembled, supplied, and/or sold by Defendant Tank Mobile.

56.    As a direct and proximate result of the defective and unreasonably dangerous condition of the aforesaid Gullwing mobile vending unit, the Plaintiff suffered serious and permanent personal injuries, including a deep laceration to his hand.

57. Defendant Tank Mobile is strictly liable in tort for all damages proximately caused by the defective and unreasonably dangerous condition of the aforesaid Gullwing mobile vending unit.

## COUNT VIII – PUNITIVE DAMAGES (Tank Mobile)

58. The Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 57 above.

59. The aforesaid actions of Defendant Tank Mobile were willful, wanton, and reckless, and were undertaken with a gross disregard for the health and safety of the Plaintiff, and were committed with a clear perceived threat of harm to the Plaintiff, and with a high probability of causing the harm to the Plaintiff.

60. Defendant, therefore, under the applicable District of Columbia laws, is liable for punitive damages.

## DAMAGES SOUGHT UNDER ALL COUNTS

61. The Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 60 above and makes a claim against Defendants for compensatory damages and punitive damages.

WHEREFORE, the Plaintiff, Christopher Hutt, hereby demands judgment from and against Defendant Tank Mobile Kiosks, Ltd., and Defendant United Foodservice Group, Ltd., jointly and severally, in the amount of One Million Dollars ($1,000,000), in compensatory damages, and in the amount of One Million Dollars ($1,000,000), in punitive damages, plus interest from the date of the occurrence, and costs.

Respectfully submitted,

/s/ Patrick G. Senftle
Patrick G. Senftle,  #14624

PRESSLER & SENFTLE, P.C.
Three McPherson Square
1432 K Street, N.W.
12th Floor
Washington, D.C. 20005
Tel: (202) 822-8384
Fax: (202) 331-7587
psenftle@presslerpc.com

ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury trial on all issues raised herein.

/s/ Patrick G. Senftle
Patrick G. Senftle